```
            IN THE UNITED STATES BANKRUPTCY COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                        Alexandria Division

In Re:                              :
                                    :
LINDA M. ARMELLINO                  :     CASE NO 20-12475-BFK
MICHAEL J. ARMELLINO                :          Chapter 11
                                    :
        Debtors                     :
                                    :
```

## CHAPTER 11 PLAN OF REORGANIZATION

The debtors, Linda M. and Michael J. Armellino, by and through the undersigned counsel, hereby propose the following Plan of Reorganization (Plan) pursuant to 11 U.S.C. 1121(b)and(c).

### ARTICLE I

### CLASSIFICATION OF CLAIMS AND INTERESTS

For the purpose of this Plan, claims and interests are placed into the following classes:

<u>Class 1</u>:  Class 1 comprises those creditors who have administrative claims, including, but not limited to, the debtors' attorney and accountant, and any other professionals, to the extent that their fees and expenses are approved by the Bankruptcy Court, such quarterly fees as may be due the Office of

the United States Trustee, and any tax debts incurred during the administration of this case after the date of filing.

Class 2: This class consists of all other creditors holding non-administrative priority claims. This Class contains two Subclasses, (a) the Commonwealth of Virginia and (b) the City of Alexandria.

Class 3: This class includes the secured claim of Wells Fargo Bank, N.A., which holds a first trust on the debtors' principal residence.

Class 4: This class consists of two Subclasses. Subclass 4(a) includes the secured claim of Fairfax County, Virginia, arising from property taxes due on the debtors' principal residence, and Subclass 4(b) consists of the City of Alexandria which has a secured claim arising from property taxes due on investment property owned by Michael J. Armellino, and known as 409 Old Town Court, Alexandria, Virginia 22314.

Class 5: This class consists of all unsecured creditors without priority who were listed on the debtors' schedules or who have filed proofs of claim, with the exception of those creditors who were listed on the debtors' schedules as either "disputed", "contingent" or "unliquidated" and who did not file a proof of claim.

Class 6: This class includes all creditors whose claims were scheduled by the debtor as either disputed, contingent, or unliquidated, and who did not file a proof of claim.

## ARTICLE II

### IMPAIRMENT OF CLASSES AND CORRESPONDING VOTING RIGHTS

Impaired Classes: All classes, with the exception of Class 5 are unpaired by this Plan. Class 5 is potentially impaired.

To the extent that a class is unimpaired, it shall be deemed to have accepted the Plan. However, to the extent that any class in this Plan is impaired, or should it be determined that any class is impaired, an impaired class shall have accepted this Plan if the holders of at least two-thirds in amount and more than one-half in number of those actually voting within that class vote to accept the Plan.

## ARTICLE III

### TREATMENT OF CLASSES OF CLAIMS AND INTERESTS

Class 1: The Class 1 claims shall be paid in such amounts as may be approved by the Bankruptcy Court upon application, notice, and approval.  However, in the case of the Quarterly Fees due the United States Trustee, these amounts shall be paid upon assessment, or, in the case of administrative tax debts, upon the timely filing by the estate of the return giving rise to these

debts.  These claims shall be paid in full promptly as they become due apart from and in addition to the distribution to other creditors as provided for in Article IV.

<u>Class 2</u>: Class 2 claimants shall be paid in full contemporaneously with the first distributions made to Class 5 claimants.  These distributions will be paid with interest at the statutory rate applicable for each jurisdiction. In the case of the Subclass 2(a) claimant, that rate shall be 10%, and the case of the Subclass 2(b) claimant, that rate shall also be 10%.

<u>Class 3</u>: Class 3 under the Plan consists of the secured claim of Wells Fargo Bank, N.A. This claimant shall retain its lien, and shall be paid outside the Plan under its contract terms without alteration.

<u>Class 4</u>: The class four claimants shall retain the liens on their collateral.  These claims shall be paid in full with interest at the statutory rate contemporaneously with the first distributions made to the Class 5 claimants, if not paid at sale after the filing of this Plan in the case of Subclass (b).

<u>Class 5</u> The Class 5 claimants, shall receive a *pro rata* distribution of such funds that are available from the sale of the debtors' property at 409 Old Town Court, Alexandria, Virginia 22314 (hereafter Old Town Court) after payment in full of the Class 1, 2 and 4 Claims. The first payments to Class 5 claimants shall be made consecutively with payments to Classes 2 and 4. In

4

essence, the Class 5 claimants, shall receive all funds remaining from the sale of the property after the claims of the Classes 1, 2, and 4 have been paid in full. Should there be sufficient funds to pay all the claims in Class 5, then to the extent there are remaining funds from the sale of Old Town Court to allow it, the Class 5 claims shall receive simple interest on their claims at 4.00% *per annum* from, November, 2020, the date the first petition was filed.

Class 6: The Class 6 claimants shall receive no distribution under the Plan.

## ARTICLE IV

### EXECUTION OF THE PLAN

The debtors shall act as their own disbursing agent under the Plan.

At any time up to 30 days after the effective date of the Plan, the Debtor may commence an adversary proceeding against a creditor if the debtors believe the creditor was the recipient of an avoidable transfer. In such case, for purposes of this Plan, the order confirming this Plan shall be deemed to grant the Debtor full authority to settle and compromise the adversary proceeding, without further notice or order of the Court, by treating the defendant as having an allowed claim in an amount which includes the amount of the alleged avoidable transfer and

as having received a distribution equivalent to the amount of the avoidable transfer.

If such a compromise is agreed upon between the Debtor and the defendant, the defendant's claim will be decreased by the amount of the avoidable transfer to determine the amount of the allowed claim, and the amount of the avoidable transfer will be treated as a credit against the amount to which the defendant otherwise would have been entitled to receive pursuant to Article III, above.

The Debtor, or any other party in interest, shall have the right to object to any claim any time prior to the Plan's effective date.  Any claim not objected to on or before the effective date will be deemed finally allowed pursuant to Section 502(a) of the Code. The Debtor reserves the right to object to any Claim, regardless of whether the debt was scheduled as disputed, unliquidated, or contingent, and regardless of whether the schedules to the Disclosure Statement list the claim as allowed. Payment will not be made to any claimant whose claim is objected to, but any distribution to that party will be held in reserve pending resolution of the objection.

If any claimant shall fail to cash or deposit their payment within ninety (90) days after mailing a payment by check sent by the debtor to the claimant's address of record after the effective date of the Plan, then that claimant's share shall be deemed to have been paid as provided for under this Plan, and the share shall be redistributed to the other claimants as otherwise provided for under this Plan on a *pro rata* basis from that point in the manner of and to the limits described in Articles III and IV.

The debtor shall sell the property at 409 Old Town Court, Alexandria Virginia 22314 for the best price obtainable within 180 days after the confirmation of this Plan, if not sooner. The net proceeds from the sale shall be held in the debtors' Debtor in Possession Account and shall be disbursed as follows:

(1) Upon the receipt of the funds from the sale of the property, the debtors shall apply to the court, with notice to all interested parties, for the entry of an order authorizing distribution. This Application shall include as nearly as possible the specific amounts to be paid to each claimant in sub-sections 2 and 3(a) below.

(2) All Class 1, Class 2 and Class 4 claims shall be paid in full as provided for above.

(3) The remaining funds will be disbursed to the Class 5 claims *pro rata* in two installments.

(a) First, a reserve equal to the anticipated United States Trustee's Quarterly Fee due on all disbursements under the Plan to the closure of the case, plus fifteen-thousand dollars for anticipated administrative expenses, shall be deducted from the remaining funds, and the balance shall be distributed to the Class 5 claims at once at the same time as payments are made to the Class 1, Class 2, and Class 4 claims.

(b) Next, upon the approval of a Final Report and Account, should there be any remaining funds from the reserve, those funds shall be distributed to the Class 5 claimants in their *pro rata* shares to the extent of their entitlement under Article III.

## ARTICLE V

### DISCHARGE/RELEASE

The debtors will be discharged and/or released from all debts and claims dischargeable under the Code at the time stated in 11 U.S.C. section 1141 upon the entry of an order approving the debtors' Final Report and Account, and thereupon all property of the estate shall be vested in the Debtor free and clear of liens, except those liens preserved hereunder.

**ARTICLE VI**

**RETENTION OF JURISDICTION**

The Court shall retain jurisdiction over these proceedings after Confirmation for the following purposes:

1. To hear and determine objections to claims or request for valuation.

2. To hear and determine causes of action by or against Debtor arising proper to the commencement of or during the pendency of these proceedings.

3. To hear and determine any dispute arising under this Plan.

4. To grant extensions of any deadline set herein.

5. To enforce all discharge provisions under the Plan.

6. To hear and determine any matter requiring resolution by the debtors.

In addition, and at any time, the Court may make such orders or give such direction as may be appropriate under Section 1142 of the Code.

The failure of the debtors to make any of the payments provided for above, or any other payment required under the Plan, shall constitute a default, and the claimants entitled to such distribution shall have the right to enforce such payments under applicable non-bankruptcy law, under its loan documents, or to

apply to the court for such remedies as may be appropriate under Article IV.

## ARTICLE VII

## CRAMDOWN

The debtors hereby invoke the "cramdown" entitlement under 11 U.S.C. 1129(b) of the Bankruptcy Code. That is, as long as the plan does not discriminate unfairly, and is fair and equitable with respect to any class of claims or interest that is impaired and has not accepted the Plan, the plan may be confirmed by the Bankruptcy Court.

## ARTICLE VIII

## EFFECTIVE DATE OF PLAN

The effective date of this Plan shall be the fifteenth day after the entry of an order of authorizing payments as described in Article IV(1), above.

Dated: November 4, 2021

/s/Linda M. Armellino
Linda M. Armellino

/s/Michael J.Armellino
Michael J. Amellino

<u>/s/ Richard G. Hall</u>
Richard G. Hall, Esquire
Counsel for the Debtors
7369 McWhorter Place, Suite 301
Alexandria, Virginia 22314
(703) 256-7159
richard.hall33@verizon.net
VA Bar No 18076