IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In Re: : | |
| : | |
| LINDA M. ARMELLINO : | CASE NO 20-12475-BFK |
| MICHAEL J. ARMELLINO : | Chapter 11 |
| : | |
| Debtors : | |
| : | |

**REPLY TO OBJECTION TO
APPLICATION FOR FEES AND EXPENSES**

COMES NOW counsel for the Debtors, Richard G. Hall, and replies as follows to Objection of the Debtors to his 2nd Interim Fee Application (Docket No. 142):

1. The Debtors' Objection contains many misstatements of fact, including an allegation that there was some agreement to limit fees and expenses which took place at a meeting on November 5, 2020. There was never any such agreement, nor even any discussion of limiting fees to $35,000.00, or any other amount, at that time or any other.

2. The Debtors state that they had no notice of the 1st Interim Fee Application which was filed on June 30, 2021. This is incorrect:

(a.) A copy of the Application, the Certification, and the Notice of Hearing was mailed to the Debtors on June 30, 2021, as recited in the Certificate of Service.

(b.) The next day, on July 1, 2021, a complete copy of these documents were emailed to the Debtors with an invitation to call me if they had any questions. See attached Exhibit, Page 1.

(c.) An order was entered on July 28, 2021 granting the 1st Interim Fee Application, and the Court mailed the Debtors a copy of that Order on July 30, 2021.  See Certificate of Mailing, Docket Item No. 90.

(d.) On August 2, 2021, counsel sent an email to the Debtors with a copy of the Fee Order attached, and gave them instructions to reserve a certain amount in the DIP account for the payment of the U.S. Trustee's Quarterly fee, and to pay part of the award now, and the rest later when funds were available.  See Exhibit, Page 2.

2.  The Debtors Objection claims that the 1st Interim Application came to them in an envelope postmarked February 22, 2022. This was, in fact, the envelope containing the 2nd Interim fee Application which was mailed to them on February 16, 2022.  As before, an email with the Application, Certification, and Notice of hearing was also emailed to the debtors on the same day.

3.   The Debtors claim that they were not provided any information as to the application of the $20,000.00 payment they made to Burke and Herbert Bank on June 7, 2021.  This payment was the amount of a forfeited deposit from an earlier contract for sale of their Queen Street properties.  (See Docket Item No. 64). On May 26, 2021, the Court directed that the forfeited deposit be paid over to Burke and Herbert Bank as an adequate protection payment at a status hearing on the bank's motion for relief from the stay.

4.  In response to the Debtors' concern as to how these funds were applied, counsel requested an account history from Burke and Herbert Bank. On July 12, 2021, counsel sent the Debtors an Activity Statement on the account he received from the bank's

counsel on July 8, 2021. It shows that the last regular payment on the account was made on May 2020, and that their $20,000.00 payment was received by the bank on June 10, 2021 and applied to late fees and the principal balance. See Exhibit, Pages 3, 4 and 5.

/s/ Richard G. Hall
Richard G. Hall
Counsel for the Debtors
601 King Street
Suite 301
Alexandria, Virginia, 22314
VA Bar No. 18076
(703)256-7159

**CERTIFICATE OF SERVICE**

I hereby certify that on March 11, 2022, a true copy of this response was mailed to those parties on the attached service list, the Debtors at 5811 Hampton Forest Way, Fairfax, VA, 22030, and also emailed to them at (Michael Armellino) lindaarmellino@cox.net, and served on the United States Trustee via ECF.

/s/ Richard G. Hall